Harper J.
delivered the opinion of the Court.
It is supposed that the issue in this case was immaterial, because the Prison Bounds Act, while it provides that no one shall be intitled to its benefits, who shall fail to make a true schedule of his property, makes no provision for a prisoner’s having fraudulently secreted or made way with his property. The act would certainly be miserably defective, if it were thus construed. But it seems to me to be a matter of strict and necessary inference from the provisions of the act, that such a fraud shall disqualify a party from being intitled to its benefits. The intention of the act in providing that a party shall make a true schedule, and assign his property, is, that creditors may have the benefit of the property for the satisfaction of their demands. This intention would be defeated, and the provisions of the act rendered nugatory, if the party might disappoint the object of the schedule and assignment, by having previously made way with the property. It would be a fraud on the act, thus to con *133 strue it, if there were no express provisions on the subject. But I think the case comes within the.meaning, if not the letter, of the clause of the act, which deprives of its benefits a debtor who shall have “ fraudulently sold, conveyed or assigned his estate to defraud his creditors;” and goes on to provide, “ but whenever a prisouer shall be accused by the plaintiff or his agent, of fraud, &e.” a jury may be empannelled. I think the “fraud” which the jury is to try, may, by a fair construction, be taken, not merely to relate to the enumerated instances, but to any fraud, by which the creditors are deprived of the benefit of their proceedings. Both motions are therefore refused.